■ In the Matter of the Claim of GOLDIE WEBERMAN, Respondent, v. ADVANCE TIME RECORDER Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed December 23, 1970. On Friday, December 20, 1968, decedent, who worked as a mechanic repairing time clocks and recorders, lifted a time clock weighing about 40 pounds off a wall. In order to do so, he had to stand about 18 inches from the wall and stretch out his arms to reach the clock. After he placed the clock on the work bench, he was observed breathing heavily. He then sat down stating that he had overexerted himself and took a nitroglycerin pill which had previously been prescribed for an existing cardiovascular condition. Decedent shortly thereafter was taken home. The next day, a Saturday, he remained in bed. At about 3:00 or 4:00 A.M., Sunday morning, he was then taken to the hospital where he died at 7:45 A.M. The hospital records indicated his condition was

diagnosed as arteriosclerotic heart disease, myocardial infarction and pulmonary edema. The board determined that the "lifting of the clock while reaching over the cartons involved more than normal exertion, greater than the ordinary wear and tear of life, and precipitated the fatal cardiac episode and death", and "that this lifting and stretching and precipitation of a cardiac constitutes accidental injury arising out of and in the course of employment, and that death was the direct result of such accidental injury". Substantial evidence supports the board's determination and it should not be disturbed. (*Matter of Nicolas* v. *August Luchow, Inc.*, 32 A D 2d 1004.) Decision affirmed, with costs to the Workmen's Compensation Board. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.